IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv706

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, INC., ) ) ) Plaintiff, ) ) Vs. ) ) NVR, INC., ) ) Defendant. ) ) | ORDER |

**THIS MATTER** is before the court on defendant's Motion to Set Aside Entry of Default and Leave to File Answer (#8). Plaintiff has filed a response and defendant has filed a reply.

## FINDINGS AND CONCLUSIONS

**I. APPLICABLE LEGAL STANDARD**

Under Federal Rule Civil Procedure 55(c), a court may set aside an entry of default for good cause. In determining whether to set aside entry of default, the Court of Appeals for the Fourth Circuit, has clearly stated, as follows:

> `an extensive line of decisions' has held that Federal Rule of Civil Procedure 55(c) must be `liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'

Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (citation omitted). When a party moves to set aside entry of default, "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982). And whether such a default should be set aside is in the sound discretion of the district court. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).

Since <u>Tolson v. Hodge</u>, 411 F.2d 123 (4th Cir. 1969), the Court of Appeals for the Fourth Circuit has held steadfast to its belief that the civil rules should be construed liberally to set aside a default. All that need be shown to set aside entry of default under Rule 55(c) is good cause. <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808 (4th Cir. 1988). Further, the Court of Appeals for the Fourth Circuit has warned that it has taken an increasingly liberal view of setting aside defaults. <u>Id</u>. The Fourth Circuit has set forth six factors to be considered when ruling on a motion to set aside an entry of default.

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

<u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 204 -205 (4th Cir. 2006) (citations omitted).

## II.   ANALYSIS OF FACTORS

### A.   Determining Fault

As set forth in Augusta, the first step is to determine whether or not the claimant was personally responsible for the default.

> This focus on the source of the default represents an equitable balance between our preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interests dominate and the party must adequately defend its conduct in order to show excusable neglect.

<u>Augusta,</u> . The key is to distinguish between the fault of the defendant and the fault of his attorney. In this case, fault lies with defense counsel who claims to have inadvertently missed the Rule 81 deadline for filing a responsive pleading. <u>See</u> Fed.R.Civ.P. 81(c)(2)(C) (A defendant who did not answer before removal must answer or present other defenses or objections under

these rules within . . . 7 days after the notice of removal is filed). In its response, plaintiff agrees that defendant is not at fault.

B.   **Promptness in Moving to Set Aside Default, Prejudice to the Party**

The next step is to assess whether defendant acted with reasonable promptness in moving to set aside the entry of default. Here, defendant clearly acted promptly by filing the present motion on November 13, 2012- a mere four days after plaintiff's Motion for Entry of Default was filed. Plaintiff does not dispute in its response that defendant acted promptly in moving to set aside the entry of default.

The court must also consider any potential prejudice to the non-movant in setting aside entry of default. This factor likewise weighs in favor of defendant as plaintiff, in its response, points to no prejudice it would face as a result of setting aside the entry of default. This is unsurprising considering the promptness with which defendant filed this motion- again, it was filed a mere four days after the Motion for Entry of Default was filed. Moreover, plaintiff was almost immediately notified of defendant's intent to move to set aside the entry of default. On November 9, the very day that the Motion for Entry of Default was filed, defendant's attorney contacted plaintiff's attorney regarding the motion and requested that they file a consent motion to withdraw the motion, or in the alternative, defendant's intent to file the present motion.

C.   **Meritorious Defense**

Defendant has also made a sufficient proffer of a meritorious defense. "[A]ll that is necessary to establish the existence of a "meritorious defense" is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." Moradi, 673 F.2d at 727. In the present case, defendant has made a sufficient proffer that it is entitled to defense and indemnity under the insurance policy between the two parties.

Not surprisingly, plaintiff denies defendant's assertions that it is liable under the policy. Nevertheless, it is clear that an insurance policy existed between the two parties, creating at least a possibility that plaintiff is liable to defendant thereunder. Therefore, the court finds that defendant has made a sufficient proffer of a meritorious defense to convince the court to set aside the entry of default.

### D. History of Dilatory Action, Availability of Sanctions Less Drastic

Finally, in the interest of thoroughness, the court will also briefly address the final two factors which likewise weigh in favor of setting aside the entry of default. First, both parties agree that defendant has no history of dilatory action. And with respect to the availability of less severe sanctions, the court finds that less drastic sanctions- while available- are not appropriate in this case. As plaintiff quipped in its response, "[T]his is not the time for sanctions, but the time to recognize and decide the merits of the dispute." The court therefore finds these final two factors weigh in favor of granting defendant's motion.

### III. CONCLUSION AND ORDER

The court finds that the six applicable factors weigh in favor of setting aside the entry of default. **IT IS, THEREFORE, ORDERED** that Defendant's Motion to Set Aside Entry of Default and Leave to File Answer (# 8) is **GRANTED**, the default entered by the Clerk of this court is **SET ASIDE**, and defendant shall Answer the Complaint within 14 days of the date this Order is filed.

Signed: December 27, 2012

Max O. Cogburn Jr.
United States District Judge